TO BE PUBLISHED

# Supreme Court of Kentucky

### 2022-SC-0461-KB

KENTUCKY BAR ASSOCIATION                                        MOVANT

V.                              IN SUPREME COURT

MELISSA JAN WILLIAMSON                                   RESPONDENT

## OPINION AND ORDER

Melissa Jan Williamson, Kentucky Bar Association ("KBA") Number 85606, was admitted to the practice of law in the Commonwealth of Kentucky on January 10, 1995. Her bar roster address is listed as P.O. Box 474, McKee, Kentucky 40447. In this default case under SCR[1] 3.210, the KBA Board of Governors ("the Board") recommends this Court find Williamson guilty of violating one count each of SCR 3.130(1.3), SCR 3.130(1.4)(a), SCR 3.130(1.4)(b), and SCR 3.130(8.1)(b).

For these violations, the Board recommends that Williamson be suspended from the practice of law in the Commonwealth of Kentucky for 30 days and that she be required to pay the costs associated with this action. For the reasons below, we agree and adopt the recommendation of the Board.

---

[1] Supreme Court Rule.

## I. BACKGROUND

In January of 2018, Angela Dalton hired Williamson to represent her in a marriage dissolution action before the Jackson County Family Court (*Dalton v. Dalton*, Case No. 18-CI-00035). Dalton paid Williamson $800 for her representation. Williamson filed the Verified Petition for Dissolution of Marriage on February 23, 2018. At the final hearing, Williamson informed the family court Dalton wanted half of her husband's 401k. The Judge asked Williamson to draft the decree and asked Williamson how much was in the 401k. Williamson informed the family court she was unaware of the amount in the 401k, but after she had the decree, she would contact the Plan Administrator to find out how she should prepare the Qualified Domestic Relations Order ("QDRO").

Williamson then failed to contact Dalton for a period of several months. Dalton eventually resorted to contacting the Circuit Court Clerk and she learned nothing had been filed finalizing her divorce. Dalton requested her case be put on the court's docket. At a hearing on July 30, 2019, at which Williamson appeared, the judge entered the final decree. Contrary to Dalton's request, the decree made no mention of restoring Dalton to her maiden name or the division of her now-former husband's 401k. Williamson admitted to Dalton that she had not filed the required documentation for Dalton to receive half of the 401k prior to the hearing. Subsequently, Williamson prepared an amended final decree in which Dalton received half of the 401k. The judge signed the amended decree on August 20, 2019.

2

Afterwards, Dalton was again unable to reach Williamson. Williamson's office told Dalton that Williamson was working on the QDRO and Williamson would call Dalton back. Williamson failed to return those calls and in late 2020 or early 2021 Dalton discovered Williamson had closed her office but had failed to notify her. Williamson never completed the QDRO and she did not refund the unearned portion of her fee.

On July 27, 2021, Dalton filed a complaint against Williamson with the KBA. The Office of Bar Counsel ("OBC") sent Williamson a copy of the complaint along with instructions to respond within 20 days. On September 10, 2021, OBC contacted Williamson and Williamson requested a three-week extension. Williamson again failed to respond to the complaint.

On December 10, 2021, the Inquiry Commission filed a Charge against Williamson, a copy of which was served by certified mail upon Williamson. The Charge alleged violations of SCR 3.130(1.3) for failure to act with reasonable diligence and promptness, SCR 3.130(1.4)(a) for failure for keep Dalton informed of her case, SCR 3.130(1.4)(b) for failure to explain matters sufficiently to Dalton, SCR 3.130(1.16)(d) for failure to return any unearned fee upon termination of representation, and SCR 3.130(8.1)(b) for Williamson's failure to respond to the Inquiry Commission. Williamson did not answer the Charge. OBC moved to suspend Williamson on February 11, 2021, for her failure to answer and on March 7, 2022, this court issued an order to Williamson to show cause why she should not be suspended. Williamson did not respond. We suspended Williamson from the practice of law indefinitely on

3

June 16, 2022. The OBC submitted this matter to the Board by default pursuant to SCR 3.210 and upon its review the Board found Williamson guilty of all counts save the violation of SCR 3.130(1.16)(d). The Board then issued the recommendation before us now.

## II.    PRIOR DISCIPLINE

Williamson's sole instance of prior discipline was her indefinite suspension by this Court's June 16, 2022 order for her failure to answer the charge now at issue.

## III.    AGGRAVATING AND MITIGATING FACTORS

The known applicable aggravating factors include: (1) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or order of the disciplinary agency; (2) vulnerability of the victim; and (3) Williamson's substantial experience in the practice of law.

As a mitigating factor we note that Williamson in her 28 years as a member of the bar has no history of prior discipline outside of this matter. Further, the record indicates that Williamson performed sufficient work to earn the fee paid by Dalton and Williamson was ultimately able to finalize Dalton's divorce and provide Dalton with half of Dalton's ex-husband's 401k.

## IV.    ANALYSIS

The Board recommends that Williamson be suspended for 30 days and be ordered to pay the costs associated with this action. Having reviewed the record, we agree that the Board reached the appropriate conclusions as to Williamson's guilt. Williamson has not filed a notice to this Court to review the

4

Board's decision, and we do not elect to review the decision of the Board under SCR 3.370(8). Accordingly, the decision of the Board is adopted under SCR 3.370(9).

## V.   CONCLUSION

For the foregoing reasons, it is hereby ORDERED:

1. Melissa Jan Williamson is found guilty of violating SCR 3.130(1.3), SCR 3.130(1.4)(a), SCR 3.130(1.4)(b), and SCR 3.130(8.1)(b).;

2. Melissa Jan Williamson is suspended from the practice of law in the Commonwealth of Kentucky for 30 days.

3. Under SCR 3.390, Williamson:

    a. shall notify all clients in writing of her inability to continue to represent them and shall furnish copies of all such letters to the Director of the Kentucky Bar Association. These notices shall be mailed or emailed to the respective clients within ten (10) days or the entry of this Order, if not already mailed. Williamson shall make arrangements to return all active files to the client or new counsel and shall return all unearned attorney fees and client property to the client and shall advise the Director of such arrangements within the ten (10) day period;

    b. must not, during the term of suspension and until reinstatement, accept new clients or collect unearned fees;

    c. must immediately cancel any pending advertisements; must terminate any advertising activity for the duration of the term of

5

suspension; and must not allow her name to be used by a law firm in any manner until she is reinstated.

4. In accordance with SCR 3.450, Williamson is directed to pay all costs associated with these disciplinary proceedings against her, said sum being $198.18, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: March 23, 2023.

_____
CHIEF JUSTICE

6